UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MICHAEL MOLINARES,

       Plaintiff,

CASE NO. 1:07-cv-413

v.

HON. ROBERT J. JONKER

ANTHONY LIMON, JR.,

       Defendant.
_____/

**OPINION AND ORDER**

This matter is before the Court on Defendant Anthony Limon's two motions in limine (docket ## 94, 96, 97).[1] Plaintiff has responded to both motions (docket ## 100, 103). The Court normally deals with evidentiary motions in limine at the Final Pretrial Conference, but because the parties have fully briefed their positions on each motion,[2] and because it does not appear that further argument is necessary to illuminate the issues, the Court will resolve the motions now on the papers. *See* W.D. Mich. LCivR 7.2(d).

---

[1] There are technically three motions in limine pending on the docket, but Defendant's March 30, 2009 motion (docket # 96) is a "corrected" version of the motion previously filed on March 27, 2009 (docket # 94). Defendant filed the corrected motion before Plaintiff responded, and Plaintiff's response to the issues raised in those motions references both motions without distinguishing between them. (*See* docket # 100). The two motions are identical in the substantive issues raised, and the Court will treat them as one motion for the purposes of this Opinion and Order.

[2] On April 14, 2009, Defendant requested leave to file a reply to one of Plaintiff's responses, but Defendant's motion failed to comply with Local Rule 7.1(d) because he did not indicate whether Plaintiff would oppose the motion. (*See* docket # 101). On April 22, 2009, the Court ordered Defendant to supplement his motion with the required information no later than April 24. Defendant has yet to supplement his previous motion in any way. Accordingly, the Court will deny the motion.

I.      **Defendant's Motion to Exclude his Criminal Sexual Conduct Conviction**

Defendant's first motion in limine (docket ## 94, 96) seeks exclusion of his conviction for second degree criminal sexual conduct. The motion is entitled "Motion in Limine to Exclude Irrelevant, Immaterial and Prejudicial Testimony Regarding Defendant's Criminal Conviction, Resignation, and Reputation." (Docket # 96). The motion itself references only the first two items of exclusion, and the brief develops an argument only on the admissibility of the prior conviction.

Defendant's second degree criminal sexual conduct conviction is a felony, punishable by imprisonment in excess of one year under Michigan law. Accordingly, under FED. R. EVID. 609(a)(1), evidence of the fact of conviction "shall be admitted" for the purpose of attacking Defendant's character for truthfulness, assuming that Defendant testifies at trial, as he presumably must to defend the claim. Rule 609(a)(1) is explicitly subject to the Rule 403 balancing test, which permits the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." But unless Defendant can meet this test for exclusion, the conviction is admissible on the issue of character for truthfulness. FED. R. EVID. 609(a)(1).

On the present record, Defendant Limon has not demonstrated that the probative value of the conviction is substantially outweighed by the danger of unfair prejudice. The case will hinge significantly on a credibility dispute between Plaintiff and Defendant. Accordingly, any factor bearing on the credibility of a witness is of significant probative value in this case. It is true, as Defendant notes in his motion in limine, that criminal sexual conduct does not have dishonesty as an inherent element of the offense, but this does not carry the day. The standard jury instruction in this district permits the jury to consider conviction of any felony on the issue of truthfulness. *See* W.D. Mich. C.V. 4.09. It is the felony conviction, not its particular elements, that trigger Rule 609.

Moreover, in this case, the danger of unfair prejudice is minimal and easily managed with appropriate limiting instructions. In determining whether Defendant used excessive force against Plaintiff, the jury is not likely to be confused by evidence of Defendant's prior criminal sexual conduct conviction.

To the extent Plaintiff seeks to use the conviction as substantive evidence under FED. R. EVID. 404(b) or 406, the record does not at this time establish a sufficient basis for such admission. This is an excessive force case. It does not involve actual or attempted sexual misconduct. The Court does not see on this record how admission of the prior conviction for criminal sexual conduct illustrates motive, opportunity, intent or other similar Rule 404(b) issues. Additionally, one previous conviction of criminal sexual conduct does not constitute a "habit" such that the evidence would be admissible under Rule 406, and even if it did, the Court fails to see how Defendant's habit of sexual misconduct is relevant to Plaintiff's excessive force claim. Accordingly, based on the current state of the record, Defendant Limon's prior conviction for criminal sexual conduct is not admissible under Rule 404(b) or Rule 406, but is admissible under Rule 609(a)(1) on the issue of character for truthfulness, if Limon testifies. The Court notes, however, that all rulings on motions in limine are subject to revision based on the actual development of the trial record.

**II.     Defendant's Motion to Exclude Character Evidence, Including Specific Instances of Alleged Prior Bad Acts.**

Defendant's second motion in limine (docket # 97) seeks exclusion of evidence of (1) his character for untruthfulness; (2) his "anger management issues"; (3) prior instances of sexual misconduct not resulting in a criminal conviction; and (4) a sexually-charged statement made by Defendant to Plaintiff after Plaintiff requested medical treatment.

3

    **1.**    **Character for Untruthfulness**

Defendant Limon seeks exclusion of evidence of his character for untruthfulness, including specific instances in the past where Defendant allegedly lied to his supervisors. Assuming Defendant testifies at trial, FED. R. EVID. 608(a) expressly allows Plaintiff to present opinion or reputation evidence of Defendant's character for untruthfulness. Plaintiff may not, however, prove by extrinsic evidence any specific prior instance of untruthfulness, and may only inquire into such specific instances on cross-examination of Defendant or a character witness called by Defendant. FED. R. EVID. 608(b). Like the Court's other rulings in this order, this ruling is subject to change based on the actual development of the trial record.

    **2.**    **Anger Management Issues**

Defendant Limon seeks exclusion of evidence of his alleged "anger management issues" relating to a work-related argument he had with his superiors. Plaintiff fails to articulate any theory of relevance for this evidence. On this record, the only theory of relevance discernible to the Court would be to prove that Defendant Limon had a character for anger and that he acted in conformity with that character by becoming angry at Plaintiff, which eventually led to his decision to use excessive force against Plaintiff. Assuming *arguendo* that this theory meets the Rule 401 relevance standard, the evidence still would constitute inadmissable character evidence under Rule 404.

    **3.**    **Prior Instances of Sexual Misconduct**

Defendant Limon seeks exclusion of evidence of his alleged prior instances of sexual misconduct in the workplace. Plaintiff fails to articulate any theory of relevance for this evidence. This is an excessive force case, not a sexual misconduct case. The dispositive issue in this case is whether Defendant Limon used force "in a good-faith effort to maintain or restore discipline, or

maliciously and sadistically to cause harm." *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).  There is no allegation that Defendant sexually assaulted Plaintiff.  Accordingly, on this record, evidence of Defendant's prior instances of sexual misconduct or harassment are irrelevant and inadmissible.

### 4. Statements Made By Defendant After Plaintiff was Injured

Defendant Limon seeks exclusion of evidence of a sexually-charged statement he allegedly made to Plaintiff in response to Plaintiff's request for medical attention.  Specifically, Plaintiff alleges that Defendant told Plaintiff that he would provide Plaintiff with medical attention only if Plaintiff would give him a "blow job."  Plaintiff fails to articulate in any detail a theory of relevance for this statement.  Again, this is an excessive force case, not a sexual misconduct case.  Statements made by Defendant in the immediate aftermath of Plaintiff's injury may be admissible to provide context to Plaintiff's version of the events, but by Plaintiff's own admission, Defendant made this statement "hours" after the injury occurred. (Plaintiff's Response to Motion in Limine, docket # 103, at 1.)  Given the weak temporal connection, the Court is doubtful that the exact wording of Defendant's statement is relevant to the material issues in this case, namely, whether Defendant used excessive force when placing Plaintiff in a jail cell.  However, because the record does not indicate the precise timing of the statement in relation to Plaintiff's injury, and because Plaintiff has not yet articulated fully his theory of relevance for the statement, the Court will refrain from ruling on this aspect of Defendant's motion in limine at this time.  On request from the parties, the Court will reconsider the motion at the Final Pretrial Conference, or after the parties have submitted trial briefs.  Any other evidentiary issues the parties wish to press before trial should be fully briefed and ready for presentation at the Final Pretrial Conference.

**IT IS ORDERED** that Defendant's Motion in Limine to Exclude Irrelevant, Immaterial and Prejudicial Testimony Regarding Defendant's Criminal Conviction, Resignation, and Reputation (docket ## 94, 96) is **GRANTED IN PART** and **DENIED IN PART**, consistent with the Court's analysis in this Opinion and Order.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Irrelevant, Immaterial and Prejudicial Testimony Regarding Sexual Harrassment and Other Improper Character Evidence (docket # 97) is **GRANTED IN PART** and **DENIED IN PART**, consistent with the Court's analysis in this Opinion and Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to File a Reply to Plaintiff's Response to Defendant's Motion in Limine (docket # 101) is **DENIED**.

Dated:     June 2, 2009             /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE